53 A.3d 1316

## PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY

v.

**John D. ST. JOHN and Kathy M. St. John, Individually and d/b/a Thunder Valley Farm and LPH Plumbing and Heating, LLC and Stoltzfus Welding and Repair.**

**Petition of John D. St. John and Kathy M. St. John.**

Supreme Court of Pennsylvania.

Oct. 1, 2012.

## *ORDER*

PER CURIAM.

**AND NOW,** this 1st day of October, 2012, the Petition for Allowance of Appeal is **GRANTED.** The issues, as stated by Petitioner, are:

a. Did "manifestation" of the "property damage" to the St. Johns' dairy herd take place in late March 2006 when the cows were concurrently observed thrashing their heads about in their water bowls, refusing to drink, and giving dramatically less milk; rather than, as held by the trial court, in April 2004 based on a mere economic downturn from a decrease in milk production?

b. Does "manifestation" of "property damage" for purposes of triggering a commercial general liability insurance policy take place only after the injured party has the ability to ascertain the source of injury or damage is traceable to something out of the ordinary and usual course of events for which another may bear responsibility?

c. Does the "multiple trigger" theory of liability insurance coverage adopted by the Pennsylvania Supreme Court in *J.H. France Refractories Co. v. Allstate Ins. Co.*, 534 Pa. 29, 626 A.2d 502, 507 (1993), apply to cases presenting continuous, progressive "property damage," so that all policies on the risk from exposure to the harmful condition through "manifestation" of the injury are triggered?